# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| DeANJELO DEVONE LOUIS DEAN,<br><br>Plaintiff,<br><br>vs.<br><br>UNKNOWN NURSE #1, et al.,<br><br>Defendants. | No. 17-CV-46-LRR<br><br>**ORDER** |

## TABLE OF CONTENTS

I.  INTRODUCTION. ………………………………………………………………1

II.  RELEVANT PROCEDURAL HISTORY.…………………………………………1

III.  SUMMARY JUDGMENT STANDARD.……………………………………………2

IV.  RELEVANT FACTUAL BACKGROUND.……………………………………………3

    A.  *The Parties*.……………………………………………………………4
    B.  *Background for Plaintiff's Claim*.………………………………………4
    C.  *The Grievance Policy*.…………………………………………………5

V.  ANALYSIS.………………………………………………………………………6

VI.  CONCLUSION.……………………………………………………………………8

## I. INTRODUCTION

The matter before the court is Defendants William Sperfslage, Tracy Dietsch, Mike Heinricy, Jeremy Burds, Joshua Hall, Greg Mills, Jared Soper, Unknown Nurse No. 1, Unknown Nurse No. 2 and Unknown Corrections Officer's (collectively, "Defendants") "Motion for Summary Judgment" ("Motion") (docket no. 12).

## II. RELEVANT PROCEDURAL HISTORY

On April 24, 2017, Plaintiff DeAnjelo Devone Louis Dean filed the pro se Complaint (docket no. 1) in the United States District Court for the Southern District of

Iowa. On April 26, 2017, the case was transferred to the Northern District of Iowa. *See* Order Transferring Case (docket no. 3) at 1. In the Complaint, brought under 42 U.S.C. § 1983, Dean alleges that, on March 22, 2017, at the Anamosa State Penitentiary ("ASP"), Defendants Mills, Soper, Burds and Hall assaulted him using "excessive force for no reason at all." Complaint at 3. On December 3, 2018, Defendants filed an Answer (docket no. 10). On April 4, 2019, Defendants filed the Motion. Dean did not file a resistance to the Motion. The matter is fully submitted and ready for decision.

### III. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment is proper 'if the pleadings, the discovery and disclosure materials on file, and any affidavits show'" an absence of a genuine dispute as to a material fact. *Hilde v. City of Eveleth*, 777 F.3d 998, 1003 (8th Cir. 2015) (quoting *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc)). "A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case." *Massey-Diez v. Univ. of Iowa Cmty. Med. Servs., Inc.*, 826 F.3d 1149, 1157 (8th Cir. 2016) (quoting *Gazal v. Boehringer Ingelheim Pharm., Inc.*, 647 F.3d 833, 837-38 (8th Cir. 2011)). "The movant 'bears the initial responsibility of informing the district court of the basis for its motion,' and must identify 'those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact.'" *Torgerson*, 643 F.3d at 1042 (alterations in original) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the movant has done so, "the nonmovant must respond by submitting evidentiary materials that set out 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting *Celotex Corp.*, 477 U.S. at 324).

On a motion for summary judgment, the court must view the facts "in the light

most favorable to the nonmoving party." *Id.* (quoting *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009)). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial," and summary judgment is appropriate. *Ricci*, 557 U.S. at 586 (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). "The nonmovant 'must do more than simply show that there is some metaphysical doubt as to the material facts' . . . ." *Torgerson*, 643 F.3d at 1042 (quoting *Matsushita*, 475 U.S. at 586). Instead, "[t]o survive a motion for summary judgment, the nonmoving party must substantiate [its] allegations with sufficient probative evidence [that] would permit a finding in [its] favor based on more than mere speculation, conjecture, or fantasy." *Williams v. Mannis*, 889 F.3d 926, 931 (8th Cir. 2018) (third alteration in original) (quoting *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 801 (8th Cir. 2011)). Mere "self-serving allegations and denials are insufficient to create a genuine issue of material fact." *Anuforo v. Comm'r of Internal Revenue*, 614 F.3d 799, 807 (8th Cir. 2010). "Evidence, not contentions, avoids summary judgment." *Reasonover v. St. Louis Cty.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## IV. RELEVANT FACTUAL BACKGROUND

By failing to file a resistance, Dean has not complied with the Local Rules and Federal Rules of Civil Procedure. Local Rule 56(b) requires that any party resisting a motion for summary judgment to file a brief "responding[ing] to each of the grounds asserted in the motion for summary judgment." LR 56(b)(1). Local Rule 56(b) also requires that the resisting party respond to the moving party's statement of material facts by "expressly admit[ting], deny[ing], or qualify[ing] each of the moving party's numbered statements of fact." LR 56(b)(2). "The failure to respond to an individual statement of material fact, with appropriate appendix citations, may constitute an admission of that fact." LR 56(b). The Federal Rules of Civil Procedure similarly provide that, if a

3

resisting party:

> fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials   including the facts considered undisputed   show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

While the court is cognizant that Dean is appearing pro se, this does not excuse the noncompliance with the Federal Rules of Civil Procedure and the Local Rules. *See*, *e.g.*, *Beck v. Skon*, 253 F.3d 330, 333 (8th Cir. 2001) (concluding that a pro se plaintiff "was required to respond to defendants' motions with specific factual support for his claims to avoid summary judgment"). The court finds that allowing Dean additional time to file a resistance would be futile and would unduly delay the adjudication of this case. Accordingly, the court shall consider any material facts contained in the "Statement of Undisputed Material Facts in Support of Summary Judgment" ("SUMF") (docket no. 12-2) as undisputed, if those facts are properly supported by citations to the Appendix ("Defendants' Appendix") (docket no. 12-3).

### A. The Parties

At the time the suit was filed, Dean was an inmate incarcerated at the ASP in Anamosa, Iowa. Answer ¶ 3. At all relevant times to the instant action, Defendants were employees of the Iowa Department of Corrections ("IODC"). *Id*.

### B. Background for Plaintiff's Claim

In the Complaint, Dean asserts that, on March 22, 2017, he was "punched in the face[,] ma[c]ed multiple times [and] slammed to the ground [and] was ta[se]red twice for no reason[.]" Complaint at 3. Dean further asserts that Defendants Mills, Soper, Burds and Hall "used excessive force[.] . . ." *Id*. In their Answer, Defendants admit that Dean

4

was "forcibly taken to the ground on March 22, 2017, and that [Dean] was sprayed twice with a chemical agent and shocked once with an electronic immobilizing device." Answer ¶ 5.

### C. The Grievance Policy

The IDOC has a grievance policy that allows inmates to register complaints about various issues. SUMF ¶ 1. The IDOC grievance policy is followed at the ASP. *Id*. In order to exhaust administrative remedies, the grievance policy requires that an inmate file his or her grievance within thirty days of the incident. SUMF ¶ 2. Prior to filing the grievance, an inmate must first seek an informal resolution to the issue(s) pertaining to the grievance. SUMF ¶ 3. When a grievance is filed, the matter is investigated and answered by the grievance officer or other applicable prison official. *Id*. If an inmate is dissatisfied with the response of the grievance officer, he or she may appeal the response to the Warden or the Warden's designee at the institution where he or she is incarcerated. *Id*. If an inmate is dissatisfied with the grievance appeal response, he or she may appeal the grievance to the IDOC. *Id*. A response from the IDOC will constitute an exhaustion of administrative remedies. *Id*.

While in IDOC custody at the ASP, Dean filed two grievances. SUMF ¶ 4. Neither grievance was fully exhausted. *Id*. In the first grievance, Dean alleged that correctional officers had used excessive force against him, but the grievance was not processed. SUMF ¶ 5. Dean was informed that his first grievance did not provide sufficient details to allow prison officials to provide an adequate response to his grievance. *Id*. On April 21, 2017, Dean filed a second grievance, again, alleging that correctional officers had used excessive force against, but this time with specific details, which allowed prison officials to process the grievance. SUMF ¶ 6. On May 11, 2017, prison officials denied Dean's second grievance. SUMF ¶ 7. Dean appealed to the Warden. *Id*. On May 17, 2017, Deputy Warden Mike Heinricy denied Dean's second grievance. *Id*. There is

no record that Dean appealed the denial of Deputy Warden Heinricy to the IDOC. SUMF ¶ 8. Dean's failure to appeal to the IDOC constitutes a failure to fully exhaust his administrative remedies for the second grievance. *Id*.

## V. ANALYSIS

Defendants argue that they are entitled to summary judgment because Dean's claims are barred pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies prior to filing suit. *See* Memorandum in Support of Defendants' Motion for Summary Judgment ("Defendants' Brief") (docket no. 12-1) at 1. Specifically, Defendants assert that "[t]here is no record of [Dean] having completed the final [grievance] appeal"; and therefore, Dean "did not fully exhaust his . . . grievance." *Id*. at 4.

The Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust all administrative remedies before bringing an action in federal court. *See Lyon v. Vande Krol*, 305 F.3d 806, 808 (8th Cir. 2002) (providing that the PLRA requires "inmates who have civil rights claims must first exhaust all administrative remedies before brining an action under § 1983"). Specifically, 42 U.S.C. § 1997e(a) provides that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id*. The exhaustion requirement under the PLRA is mandatory. *Woodford v. Ngo*, 548 U.S. 81, 85 (2006); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) (providing that "exhaustion in cases covered by § 1997e(a) is . . . mandatory"). Further, "[a]vailable grievance procedures must be exhausted even if the relief the inmate seeks under § 1983 was not available through those procedures." *King v. Iowa Dep't of Corr.*, 598 F.3d 1051, 1052 (8th Cir. 2010).

In this case, Dean's grievance is governed by the mandatory four-step grievance procedure adopted by the IDOC and used at the ASP. *See* Defendants' Appendix at 1-8

6

(Exhibit A, a copy of Policy No. IO-OR-06, the policy setting forth the four-step IDOC grievance procdeure); 22 (Exhibit K at ¶ 3, Affidavit of Cindy Wolmut, stating that the four-step IDOC grievance procedure "has been implemented and [is] followed at ASP"). In *King*, the Eighth Circuit Court of Appeals addressed the IDOC's four-step grievance procedure:

> [The correctional facility] follows a mandatory four-step grievance procedure adopted by the [IDOC]. *See* Policy No. IO-OR-06. An inmate must first seek to resolve the problem informally. If this fails, the inmate may file an Offender Grievance Complaint on a prescribed form, stating the reason for the grievance and the action requested. A grievance officer investigates the grievance and either replies to the inmate in writing or refers the matter to a grievance committee. An inmate may appeal the Grievance Response by the grievance officer or grievance committee to the warden or superintendent, who must respond within fifteen days and state reasons for his decision. If the inmate remains dissatisfied, he may appeal to the Grievance Appeal Coordinator, who must ensure that there is a response to the appeal from the appropriate source within thirty days.

598 F.3d at 1052.

Here, it is undisputed that Dean failed to appeal Deputy Warden Heinricy's denial of his second grievance to the IDOC.[1] *See* SUMF ¶ 8; Defendants's Appendix at 24 (Exhibit K at ¶ 12, Affidavit of Cindy Wolmut, stating that "[t]here is no record of Dean having completed the final appeal to the Iowa Department of Corrections" and "[b]ecause [Dean] did not complete the final appeal, he did not fully exhaust his second grievance."). Base on the foregoing undisputed facts, the court finds that, because Dean failed to exhaust

---

[1] Dean filed two grievances. *See* SUMF ¶ 4. Dean's first grievance was not processed because it did not provide sufficient details to allow prison officials to provide an adequate response to the grievance. *See* SUMF ¶ 5. Dean's second grievance complied with the first three steps of the four-step grievance process. *See* SUMF ¶¶ 6-7.

his administrative remedies, his claim is barred under 42 U.S.C. § 1997e(a). Accordingly, the court determines that Defendants are entitled to summary judgment and the Complaint must be dismissed.

## VI. CONCLUSION

In light of the foregoing, Defendants' Motion for Summary Judgment (docket no. 12) is **GRANTED**. The Complaint (docket no. 1) is **DISMISSED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants William Sperfslage, Tracy Dietsch, Mike Heinricy, Jeremy Burds, Joshua Hall, Greg Mills, Jared Soper, Unknown Nurse No. 1, Unknown Nurse No. 2 and Unknown Corrections and against Plaintiff DeAnjelo Devone Louis Dean. Further, the Clerk of Court is **DIRECTED** to **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED** this 23rd day of July, 2019.

_____
LINDA R. READE, JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA